IN THE UNITED STATES DISTRICT COURT
NORTHERNN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KIMUANA BUTLER     PLAINTIFF

VS.     CAUSE NO. 3:20-cv-331-DPJ-FKB

CRENSHAW TRANSPORT LLC,
LADARIUS BURKLEY,
JOHN DOES 1-5; AND,
JOHN DOE CORPORATIONS ,1-5.     DEFENDANTS

## COMPLAINT
(Jury Trial Requested)

COMES NOW Kimuana Butler, ("Plaintiff'), by and through her undersigned counsel, and files this her Complaint against Crenshaw Transport, LLC, Ladarius Burkley, Amazon Logistics, and John Does and John Doe Corporations 1-5. Plaintiff seeks compensatory damages for personal injuries, medical bills and expenses, lost wages, damages for emotional distress, punitive damages, costs, and attorney fees. As more specifically set forth below.

### THE PARTIES

1. Plaintiff Kimuana Butler is an adult resident citizen of Shelby County, Tennessee.

2. Defendant Crenshaw Transport, LLC, at all times relevant hereto, on information and belief is a Tennessee limited liability company with its principal place of business at 576 Shofner Ave, Memphis, TN 38109, who may be served with process of this Court by serving a copy at its registered agent for service of process, United States Corporation Agents, INC. Located At 4295

Cromwell Rd., Ste 308, Chattanooga, TN 37421-2163 USA. At all times relevant, Defendant, Ladarius Burkley was employed by and acting in the course and scope of his employment of Defendant Crenshaw Transport.

3. Defendant Ladarius Burkley is an adult resident citizen of Mississippi who may be served at his home address at 6097 Kensington Cir., Horn Lake, MS 38637. At all times relevant, Defendant, Ladarius Burkley was employed by and acting in the course and scope of his employment of Defendant Crenshaw Transport.

4. Defendants John Does 1-5 are believed to be adult resident citizens of Mississippi who may have participated, in whole or in part, or in conspiracy with each other, to discriminate against and terminate the Plaintiff because of her race, sex, or medical disability. Upon discovery of their true identities, the John Doe 1-5 individual Defendants' names and identities will be substituted.

5. Defendants John Doe Corporations 1-5 are believed to be corporations organized and existing under the laws of the state of Mississippi who may have participated, in whole or in part, or in conspiracy with each other, to discriminate against and terminate the Plaintiff because of her race, sex, or medical disability. Upon discovery of their true names and identities, the John Doe Corporation Defendants 1-5 names and identities will be substituted.

## JURISDICTION

6. This action arises under the Race and Sex Discrimination in Employment Act, and supplemental jurisdiction for state law claims.

7. This court has federal divesrity jurisdiction under 28 U.S.C.A. § 1332 as this actions seeks damages which exceed $75,000.00 in controversy between residents of at least two different states.

8.     This court has personal and subject matter jurisdiction over the parties because upon information and belief all of the parties are either resident citizens of the state of Mississippi or are subject to this court's personal jurisdiction with respect to the civil action in the Northern District of Mississippi.

## VENUE

9.     Venue is proper in this Court as a result of 28 U.S.C. Sec. 1391.

## FACTS

10.    The Plaintiff adopts and alleges the allegations contained in paragraphs 1 through 5 of this Complaint as if fully set out herein.

11.    Defendant Crenshaw Transport, LLC, at all times relevant was an interstate courier which employed Ladarius Burkley. On May 9, 2017, Kimuana Butler ("Ms. Butler") was a passenger in a vehicle being operated by Ladarius Burkley ("Burkley") on behalf of Crenshaw, in Monroe County, Arkansas, where without warning, Burkley lost control of his vehicle, causing it to flip over, causing severe permanent injuries to the Plaintiff.

12.    Defendant, Crenshaw's gross negligence in hiring and entrusting Burkley with its transportation vehicle was a contributing, proximate cause of the Plaintiff's injuries.

13.    Defendant, Burkley's gross negligence and reckless operation of the vehicle he was operating was also a proximate, contributing cause of the Plaintiff's injuries.

14.    As a proximate result of said collision and the Defendants' negligent, gross negligent, and/or reckless acts, the Plaintiff was seen by several medical providers for treatment of the injuries she received in the above-referenced collision.

15.    The collision was caused by the recklessness, carelessness, and negligence and

gross negligence of Defendants, for that among other acts, the Defendants:

    (A)    Crenshaw Negligently hired, retained, and entrusted one of its vehicles to be operated by Burkley when they knew or should have known he had a history and propensity to operate vehicles in a dangerous manner or otherwise operate vehicles under the influence of illegal substances;

    (B)    Burkley operated his vehicle in a highly dangerous position under the circumstances existing at the time of the subject incident;

    (C)    Failed to move his vehicle in the proper direction to avoid a collision;

    (D)    Failed to observe due care and precaution and to maintain proper and adequate control of his motor vehicle;

    (E)    Failed to keep a proper lookout for other vehicles lawfully in front of him;

    (F)    Failed to exercise reasonable care in the operation of the motor vehicle he was operating under the circumstances then and there existing at the time of the subject incident;

    (G)    Committed other acts of negligence that will be proven at the trial of this cause.

16.    As a direct and proximate result of the negligence of the Defendants, as set forth above, the Plaintiff sustained damages, including but not limited to serious physical injuries; pain and suffering; emotional distress; medical expenses; lost wages; and other damages that will be proven at the trial of this matter.

### **PRAYER FOR RELIEF**

WHEREFORE PREMISES CONSIDERED, the Plaintiff requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; physical and emotional pain and suffering, medical expenses; lost wages; and any other special damages that may be incurred by the Plaintiff, together with attorney's fees,

costs of suit and any further relief as the court may deem proper in an amount to exceed $75,000.00.

                                                    KIMUANA BUTLER, PLAINTIFF

                        By:     /s/ John C. Hall, II
                                JOHN C. HALL, II

OF COUNSEL:
JOHN C. HALL, II (MSB#: 99384)
THE HALL LAW GROUP, PLLC
263 E. PEARL ST.
JACKSON, MS 39201
Office: (601) 398-2089
Fax: (601) 812-6266
E-mail: jhall@halllawgrp.com
*Attorney for Plaintiff*